NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0691n.06
Filed: August 10, 2005

No. 04-3787

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| GJYLIANA BZHETAJ;<br>ELIS BZHETAJ, | ) ) ) | |
| Petitioners, | ) ) | ON PETITION FOR REVIEW<br>FROM AN ORDER OF |
| v. | ) ) | THE BOARD OF IMMIGRATION<br>APPEALS |
| ALBERTO GONZALES, Attorney General | ) ) | |
| Respondent. | ) | |

BEFORE:  MERRITT and DAUGHTREY, Circuit Judges, and PHILLIPS,[*] District Judge.

PER CURIAM.  Gjyliana Bzhetaj, an Albanian national, filed the instant petition to review the denial of her application for asylum and withholding of removal by the Board of Immigration Appeals.  The immigration judge determined that Bzhetaj filed an untimely application, that she lacked credibility, and that she had failed to present sufficient proof of past persecution or danger of future harm.  The Board of Immigration Appeals affirmed the immigration judge's order on the same grounds.  Because the Board's determination of the timeliness of an application for asylum is unreviewable by this court and because the remainder of the Board's determinations are supported by substantial evidence, we must DENY Bzhetaj's petition.

---

[*]  The Honorable Thomas W. Phillips, United States District Judge for the Eastern District of Tennessee, sitting by designation.

## PROCEDURAL AND FACTUAL HISTORY

On September 30, 2000, petitioner Bzhetaj and her son, Elis Bzhetaj, both citizens of Albania, entered the United States at Chicago O'Hare International Airport using fraudulent passports. They were interviewed by officers of the Immigration and Naturalization Service, who initiated removal proceedings against them and referred them for a hearing with an immigration judge. Bzhetaj conceded removability and indicated that she would seek asylum, withholding of removal, and protection under Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (UNCAT). *See* 8 U.S.C. §§ 1158(a)(1), 1231(b)(3).

Bzhetaj's next hearing before the immigration judge was postponed three times until it was finally held on January 11, 2002. Bzhetaj filed her application for asylum and withholding of removal at this hearing, over a year after she entered the country. She named her son, Elis, as an ancillary beneficiary to the application. In her application, she claimed that her husband had been a member of the Albanian Democratic Party since 1992 and had been harassed by the governing Socialist Party, when police officers had stopped him in January 1998 and detained him for nine days in the city of Koplik. The police closed her husband's fuel station several times, she said, due to his political beliefs. She also claimed that someone shot at the fuel station in December 1999. Her husband left Albania for the United States in February 2000. She claimed that in June of that year, a man knocked on her window while she was sleeping, asked her to open the door, and, when she refused, threatened to kidnap her son. Together with her application, Bzhetaj provided her birth and marriage certificates and her son's birth certificate.

Following a hearing on January 23, 2003, the immigration judge issued an oral decision denying Bzhetaj's application. The immigration judge determined that Bzhetaj was ineligible for asylum for having filed her application more than one year after her entry into the country and having failed to establish exceptional circumstances to excuse the delay.[1] Even if Bzhetaj were eligible, the immigration judge found, she lacked credibility due to her conflicting and gradually embellished versions of events. Finally, the immigration judge determined that Bzhetaj had failed to demonstrate that her problems in Albania rose to the level of past persecution or that they were the result of her husband's political activities. The immigration judge characterized Bzhetaj's application as frivolous, making her ineligible for any future immigration benefits, and denied her application. The Board of Immigration Appeals reversed the immigration judge's finding that the application was frivolous, but affirmed the denial of Bzhetaj's application upon the same grounds as the immigration judge had relied. Bzhetaj now petitions this court to review the Board's order.

## DISCUSSION

### I. Application for Asylum

This court has no jurisdiction to review the Board's determination that Bzhetaj's application for asylum was untimely. An alien must file for asylum within one year of their arrival in the United States. *See* 8 U.S.C. § 1158. If an alien fails to file within the deadline, an immigration judge nonetheless may consider the application if the alien demonstrates

---

[1] Bzhetaj claimed that she waited to file her application because she was required to do so in "open court." She also claimed that the Bureau of Citizenship and Immigration Services lost her file and requested additional time to find it.

3

"to the satisfaction of the Attorney general either the existence of changed circumstances" or "extraordinary circumstances" causing the delay.  8 U.S.C. § 1158(a)(2)(D).  The same statute provides that no court shall have jurisdiction to review any determination of the Attorney General regarding exceptions to the filing deadline.  *See* 8 U.S.C. § 1158(a)(3).  This court is therefore without jurisdiction to review the Board's decision that no extraordinary circumstances existed to excuse Bzhetaj's tardy application.  *See Castellano-Chacon v. INS*, 341 F.3d 533, 544 (6th Cir. 2003).

## II.  Withholding of Removal

Bzhetaj argues that the Board was wrong to deny her application for withholding of removal, pursuant to the Immigration and Nationality Act (INA) and the UNCAT.  Unlike her application for asylum, Bzhetaj's application for withholding of removal was not subject to a time limit.  *See* 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.15; *Castellano-Chacon*, 341 F.3d at 544.  The immigration judge determined that Bzhetaj lacked credibility and, even if believed, was not entitled to withholding of removal because she failed to demonstrate that her life or freedom would be threatened if she were to return to Albania.  We must uphold the denial of withholding of removal if supported by substantial evidence in the record.  *See Sylla v. INS*, 388 F.3d 924, 925 (6th Cir. 2004).  We review the Board's credibility determinations under the same standard and treat them as "conclusive unless any

4

reasonable adjudicator would be compelled to conclude to the contrary."[2]  *See id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

The record in this case does not compel the court to reverse the Board's decision. From her sworn statement upon entry, to her credible fear interview, to her asylum application, to her testimony at the hearing, Bzhetaj continued to change and embellish her version of events in Albania.  In her initial interview at Chicago O'Hare International Airport, Bzhetaj claimed that someone had killed her husband's cousin and that she came to the United States to be with her husband and to raise her son safely.  By the January 23, 2003, hearing, Bzhetaj had changed her story several times, adding allegations of political harassment and finally rape.  In addition, she failed to produce any corroborating testimony or documents to support her account, such as evidence of her husband's political activities. This state of the record  put Bzhetaj's credibility in question and did not compel a finding that Bzhetaj risks future persecution in Albania.

## CONCLUSION

The Board's decision finding Bzhetaj's application for asylum untimely is unreviewable by the court, and the Board's denial of withholding of removal is supported by substantial evidence in the record.  We therefore DENY Bzhetaj's petition for review.

---

[2]  The government contends that Bzhetaj waived review of her withholding claim because she failed to raise it in her brief to the court.  Though the bulk of Bzhetaj's brief attacks the Board's invocation of the time limit for her asylum application, she does argue that the Board was wrong to deny her application for asylum and withholding of removal on substantive grounds.  *See* Petitioner's Brief at 17-20.